ROBERTSON *v.* STATE OF INDIANA.

[No. 25,087.  Filed March 8, 1927.]

1. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for unlawful possession and sale of intoxicating liquor in May, 1925.  p. 124.

2. INTOXICATING LIQUORS.—*Instruction as to the law in former prosecutions held not erroneous.*—In a prosecution for unlawful possession

of intoxicating liquor in May, 1925, an instruction that "heretofore in your cases you have been told that it is not a violation of law to possess liquor," followed by a statement that it was a violation of the law of 1925, was not erroneous, the reference to "your cases" evidently referring to former trials in which some of the jurors had served in the same capacity.    p. 124.

3. CRIMINAL LAW.—*Instruction as to the verdict in a prosecution on two counts held not erroneous.*—In a prosecution for unlawful possession and sale of intoxicating liquor on an affidavit in two counts, an instruction that the jury could find the defendant guilty ·or acquit him on the first count or that it could find him guilty or acquit him on the second count or that it could find him guilty by a general verdict on both counts or that it could acquit him generally, was not erroneous.    p. 125.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Eddie Robertson was convicted of the unlawful ·possession and sale of intoxicating liquor, and· he appeals. *Affirmed.*

*John McPhee,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant was prosecuted in the city court of the city of Muncie on an affidavit in two counts, in which he was charged in.the· first count with the unlawful sale of intoxicating liquor to Marion Blair, on May 17, 1925, and in the second count with the unlawful possession of intoxicating liquor on that date. Upon being convicted, he appealed to the Delaware Circuit Court, where he was· tried by a jury and again found guilty. From judgment of fine and imprisonment, he has appealed to this court and has assigned as error that the court erred in overruling his motion for a new trial. The offenses charged were in. violation of §4, ch. 48, acts of 1925, §2717 Burns 1926.

It is contended by appellant that at the trial it was· not shown that there was any intoxicating liquor sold

or possessed by him.  From the evidence in support of the verdict, it appears:  That Marion Blair, the prosecuting witness, who was seventeen years old, met the defendant at a certain cigar store in the city of Muncie, on the day named in the affidavit. He told the defendant he wanted a pint of liquor.  The latter delivered· to him two half-pint bottles containing a liquid, for which he paid the defendant four dollars. The prosecuting witness took it to the hotel where he worked and delivered it to Mr. White and Mr. Nichols, guests at the hotel.  Later, he saw ·them burn a small portion of liquor, which made a blue blaze, and he testified that they said it was the liquor which he had brought them; and he learned that said men became intoxicated after they drank that liquor.  The prosecuting witness said that the liquor must have been alcohol.  The verdict on each count was sustained by sufficient evidence.

It is claimed that instruction No. 2 given by the court on its own motion was erroneous.  Same was as follows: "The court instructs you that heretofore in your cases you have been told that it is not a violation of law to possess liquor, but this case coming under the new law, if the evidence shows it beyond a reasonable doubt that he had possession of intoxicating liquor, then he should be found guilty under the second count of the affidavit because possession under the new law is a violation of the laws of the State of Indiana." Objection was made to the following part of same: "The court instructs you that ·heretofore in your cases you have been told that it is not a violation of law to possess liquor."  That part of the instruction was unnecessary.  The reference to "your cases" must have referred to former trials in which members of the jury, or some of them, had served as jurors; and did not mean cases in which the jurors had been defendants, as suggested by appellant.  The unnecessary part of the in-

struction did not make it erroneous; and the instruction as an entirety was not ambiguous or uncertain.

Exception was taken by the appellant to the court's instruction No. 6. Objection was made to words therein which were not necessary. While the words in question were not required in the instruction, they did not make it invalid. As there was evidence showing that the defendant unlawfully sold intoxicating liquor to the prosecuting witness, his rights could not have been prejudiced by the part of the instruction to which he objected.

Part of instruction No. 15 given by the court on its own motion reads thus: "The court instructs you that there are two counts to this affidavit. You can 3. find the defendant guilty if the evidence warrants it beyond a reasonable doubt on the first count, or not guilty, and you can find the defendant guilty if the evidence warrants it beyond a reasonable doubt on the second count along (alone), or acquit him. You can find the defendant guilty in a general verdict of both counts, or you can acquit him generally." Appellant contends that the instruction was erroneous as it told the jury that if they found from the evidence, beyond a reasonable doubt, that the defendant was guilty as charged in one of the counts of the affidavit, they had the right to return a general verdict finding him guilty of all the offenses charged in the affidavit, although only one of such offenses had been proved. We do not get that meaning from the instruction and do not find any objection to it.

It does not appear that the verdict of the jury was contrary to law. Other causes stated in the motion for a new trial are not presented. Appellant has failed to show that he was entitled to a new trial.

Judgment affirmed.